**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JALIERE Z MCWHITE,

Plaintiff,

v. Case No. 3:26-cv-1801-MMH-SJH

WESTLAKE FINANCIAL,

Defendant.

---

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Proceeding pro se, Plaintiff, Jaliere McWhite, initiated this action on July 14, 2026, by filing a document titled "The Importance of an Education." See The Importance of an Education (Doc. 1). Upon review of the filing, the Court finds that it should be construed to be a complaint. In it, McWhite appears to bring an action against Westlake Financial (Westlake). In the case caption, McWhite identifies himself as the plaintiff and Westlake as the defendant. And in the Civil Cover Sheet, McWhite states he seeks to recover $23,000,000,000 from Westlake. See Civil Cover Sheet (Doc. 1-1) at 1. Under Rule 2, Federal Rules of Civil Procedure (Rule(s)), "[t]here is one form of action—the civil action." Fed. R. Civ. P. 2. And Rule 3 provides that "[a] civil action is commenced by filing a complaint with the court." Fed. R.

Civ. P. 3. Therefore, because it appears McWhite seeks to recover damages against Westlake, the Court will construe the filing as a complaint.[1]

Construed as a Complaint, the Court finds the filing to be deficient in several ways and, as such, it is due to be stricken. In the analysis that follows, the Court will discuss some of the problems with the Complaint and will provide McWhite with the opportunity to file a corrected complaint consistent with the Rules. McWhite should carefully review this Order and consider utilizing the resources available for pro se litigants, cited below, before filing a corrected complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

---

[1] McWhite states in his Civil Cover Sheet that this action is related to a state court action. See Civil Cover Sheet at 1 (stating that this action is related to an action with docket number CC26 1446). A review of the docket of that state court action, filed in the County Court of the Seventh Judicial Circuit in and for St. Johns County, Florida, reflects that in that case, Cavalry SPV I, LLC, as assignee of Westlake Services, LLC, alleges McWhite owes it about $9,000 for an unpaid auto loan. See (Case No. 552026CC001446A000MX Doc. 2; St. Johns Complaint), filed March 7, 2026.

A defendant in a state court civil action that could have been filed originally in federal court may remove the action to federal court by filing a notice of removal. 28 U.S.C. §§ 1441, 1446. But McWhite does not state in the Complaint that he is seeking to remove the state court action to this Court. Moreover, McWhite captions himself as the plaintiff in this action, but he is the defendant in the state court action. Compare Complaint at 1, with St. Johns Complaint at 1. And in his Civil Cover Sheet, McWhite states that he seeks to recover $23,000,000,000 from Westlake. See Civil Cover Sheet at 1. Notably, Westlake is not a party to the state court action. See St. Johns Complaint at 1. For these reasons, the Court will not construe McWhite's filing as a notice of removal.

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[2] Most importantly here, Rules 8 and 10 govern complaints. Rule 8 requires that a complaint contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) a "demand for the relief sought." Fed. R. Civ. P. 8(a). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or

---

[2] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rule 10 requires that, in a complaint, a plaintiff "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Id. Rules 8 and 10 work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Here, the Complaint violates Rule 8(a) and Rule 10(b). As to Rule 8(a), McWhite fails to include a statement of jurisdiction or a "demand for the relief sought." See generally Complaint. As to Rule 10(b), McWhite fails to state allegations in separately numbered paragraphs, each limited as far as possible to a single set of circumstances, or state claims in separately identified counts. See generally id. Indeed, the Complaint consists of several pages of narrative paragraphs rather than separately numbered allegations and counts. Id. In

preparing a corrected complaint, McWhite must provide a basis for the Court's jurisdiction, specify what relief he seeks against Westlake, set forth allegations and claims in separately numbered paragraphs, and set forth claims for relief in separate counts.[3]

Additionally, the Court cautions McWhite that a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings).[4] Relevant here is the type of improper shotgun pleading that occurs when the plaintiff drafts a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."

[3] Although McWhite does state in his Civil Cover Sheet that he seeks damages against Westlake, as the cover sheet states, "[t]he … civil cover sheet and the information contained [t]herein neither replace nor supplement the filing and service of pleadings." See Civil Cover Sheet at 1.

[4] The Eleventh Circuit has summarized the four categories of shotgun complaints as follows:

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321–23).

Weiland, 792 F.3d at 1322. Indeed, it is entirely unclear from the Complaint what causes of action McWhite intends to assert, let alone which of the many broad, vague, and seemingly impersonal allegations are intended to support any cause of action. See generally Complaint. Indeed, the majority of McWhite's allegations as to Westlake are vague and confusing. See, e.g., id. at 2 ("Westlake's brand is protecting people that won't work and is most certainly a band of members against the requirement to work under any government or individual."). In the last three pages, which appear to concern lending practices at a car dealership, McWhite does include specific allegations as to Westlake, but the allegations are largely framed in such a way that makes it impossible to determine how the actions affected McWhite. See, e.g., id. at 4 ("The customer is asked by the dealership to insert in his own social security number into the dealership's computer and the customer's social security number is then sent directly to Westlake within the dealership in the appearance of a credit check.").[5] Moreover, McWhite's Complaint is filled with argumentative policy statements such that the first three pages read more like an essay than a proper complaint. See, e.g., Complaint at 1 ("Lower income status is the beginning of a

[5] Confusingly, McWhite also appears to refer to himself as "defendant" because his allegations relate to a state court action in which he is the defendant. See, e.g., Complaint at 4 ("The defendant recalls making a down payment and signing a contract stating that they were required to pay the seller or assignee for the vehicle alongside accumulated interest but has never directly contacted or spoken to Westlake.").

career and should be filled with hope for a promising future. Unfortunately, it is the opposite and often used as a platform for the placement of corruptive thoughts and actions."). As a result, Westlake and the Court are unable to discern how any of McWhite's statements and allegations are relevant to any asserted wrongdoing by Westlake. When preparing the corrected complaint, McWhite should omit broad policy statements and "conclusory, vague, and immaterial" factual allegations "not obviously connected to any particular cause of action." See Weiland, 792 F.3d at 1322. Instead, McWhite must include specific factual allegations and causes of action that give Westlake "adequate notice of the claims against [it] and the grounds upon which each claim rests." See id. at 1323.

McWhite is cautioned that in the Eleventh Circuit, shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). Striking shotgun pleadings is more than just procedural formalism: as the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by

plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead."). In light of the foregoing, the Court will strike McWhite's Complaint and direct him to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). In accordance with Rules 8(a) and 10(b), in his corrected complaint, McWhite must (1) provide a basis for the Court's jurisdiction, (2) set forth his factual allegations in numbered paragraphs, (3) set forth his separate causes of action in numbered counts, and (4) include a demand for the relief sought. See Fed. R. Civ. P. 8(a), 10(b). McWhite must avoid the shotgun pleading deficiencies discussed above and describe in sufficient

detail the factual basis for each of his claims. Failure to comply with the Rules and this Order may result in dismissal of this action without further notice.

Last, the Complaint violates Rule 11. Rule 11(a) provides: "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number." In filing the Complaint, McWhite violated this Rule because the Complaint is unsigned and does not include McWhite's address, e-mail address, or telephone number. See Complaint at 5. In his corrected complaint, McWhite must include a signature block that contains all of the information required by Rule 11(a).

When preparing the corrected complaint, McWhite is encouraged to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Virtual, telephonic, and in-person appointments are available every Tuesday. To request an appointment, pro se litigants may call the Clerk's Office at

(904) 549-1900 or visit the Clerk's Office check-in window.[6] A brochure with more information about the program is available on the Court's website, www.flmd.uscourts.gov/legal-information-program.[7]

Accordingly, it is

**ORDERED:**

1. Jaliere Z McWhite's document titled "The Importance of an Education" (Doc. 1), which the Court construes as a Complaint, is **STRICKEN**.

2. McWhite shall file a corrected complaint that complies with the Federal Rules of Civil Procedure and this Order on or before **August 26, 2026**.

---

[6] The Clerk's Office is located on the Ninth Floor of the Bryan Simpson United States Courthouse, 300 N. Hogan Street, Jacksonville, Florida 32202.

[7] In preparing the corrected complaint and any future filings, the Court recommends that McWhite visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If McWhite does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

3. Failure to submit a corrected complaint that complies with the directives of this Order as well as the Rules and the Local Rules may result in the dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of August, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Pro Se Party