**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JALIERE Z MCWHITE,

Plaintiff,

v. Case No. 3:26-cv-1801-MMH-SJH

WESTLAKE FINANCIAL,

Defendant.

---

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Proceeding pro se, Plaintiff, Jaliere Z McWhite, initiated this action on July 14, 2026, by filing a document titled "The Importance of an Education" (Doc. 1), which the Court construed as a complaint. See Order (Doc. 6; Shotgun Order), entered August 6, 2026. The Court struck the Complaint and gave Plaintiff the opportunity to file a corrected complaint. Id. at 10. In doing so, the Court explained some of the rules of pleading that apply in federal court and identified some problems with the Complaint as drafted. Id. at 3–9. The Court directed Plaintiff to file a corrected complaint consistent with the directives of the Shotgun Order and cautioned Plaintiff that "[f]ailure to comply with the Rules and this Order may result in dismissal of this action without further notice." Id. at 9.

On August 26, 2026, Plaintiff filed an amended complaint. See Amended Complaint for Declaratory, Monetary, and Other Relief, (Doc. 11; Amended Complaint). Upon review, the Court finds that the Amended Complaint is due to be stricken as it still constitutes an impermissible shotgun pleading and does not comply with the Federal Rules of Civil Procedure (Rule(s)).[1] In the analysis that follows, the Court will discuss some of the problems with the Amended Complaint and provide Plaintiff with **one final opportunity** to file a complaint consistent with the Rules, the Local Rules, and this Court's orders. Plaintiff should carefully review this Order and the Shotgun Order. Plaintiff also should consider utilizing the resources available for pro se litigants, cited below, before filing another corrected complaint. Failure to comply with the pleading requirements set forth in the Court's orders **will result in the dismissal of this action without further notice**.

In the Shotgun Order, the Court set forth the pleading requirements in detail. See Shotgun Order at 3–9. Rather than risk redundancy and confusion by repeating those requirements here, the Court directs Plaintiff to carefully review the pleading requirements discussed in the Shotgun Order. While

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules. The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

Plaintiff made changes to the Amended Complaint, Plaintiff failed to comply with the pleading requirements and the Court's directives.

Relevant to the Amended Complaint is the third category of shotgun pleadings, as discussed in the Shotgun Order, because Plaintiff does "not separat[e] into a different count each cause of action or claim for relief." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015). In Count II of the Amended Complaint, Plaintiff combines two causes of action by referencing both 15 U.S.C. § 1692e and 15 U.S.C. § 1692f. See Amended Complaint ¶¶ 35–36. Section 1692e prevents debt collectors from using false or misleading representations, while section 1692f prevents a debt collector from using unfair or unconscionable means to collect a debt. These statutory provisions each provide a distinct cause of action, and as such, a claim under each provision should be broken out into separate counts. In Count III of the Amended Complaint, Plaintiff again lumps two distinct causes of action together by alleging that the defendant either willfully or negligently violated the Fair Credit Reporting Act (FCRA). See id. ¶ 51; Santos v. Healthcare Revenue Recovery Grp., LLC, 90 F.4th 1144, 1151, 1153 (11th Cir. 2024) ("The [FCRA] creates a private right of action for consumers against '[a]ny person who willfully' violates the Act. . . . Like for willful violations, the Act provides a cause of action for negligent violations." (second alteration in original)). While

Plaintiff is free to plead these alternative claims, for clarity, he should plead them in separate counts. See id. (recognizing the difference in damages available to a plaintiff depending on whether an FRCA violation is negligent or willful).

In light of the foregoing, the Amended Complaint is due to be stricken. The Court will provide Plaintiff **one final opportunity** to file a pleading that complies with the Rules and the Court's orders. In his second corrected complaint, Plaintiff must avoid the pleading deficiencies discussed here and in the Shotgun Order. To do so, **Plaintiff must** state each claim for relief in a separately identifiable count.

Plaintiff is reminded that, when repleading with separate counts, he should take care to avoid drafting a complaint in which he adopts or incorporates the allegations of preceding counts, as this also constitutes a form of impermissible shotgun pleading. See Weiland,792 F.3d at 1321 ("The most common type [of shotgun complaint] … is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."). Moreover, should Plaintiff choose to use a form complaint in drafting his second corrected complaint, Plaintiff may set forth his causes of action and supporting factual allegations in a separate

document if necessary to follow the Court's instructions. Finally, the Court reiterates that, in his second corrected complaint, Plaintiff must avoid the pleading deficiencies discussed above and in the Shotgun Order. Failure to comply with the Rules, the Local Rules, and this Court's orders **will result in dismissal of this action without further notice**.

Prior to filing his second corrected complaint, the Court again encourages Plaintiff to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Plaintiff may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[2]

[2] In preparing the second amended complaint and any future filings, the Court recommends that Plaintiff visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Plaintiff does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Amended Complaint for Declaratory, Monetary, and Other Relief (Doc. 11) is **STRICKEN**.

2. Plaintiff shall file a second corrected complaint on or before **September 28, 2026**. Failure to timely and properly do so will result in the dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of September, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc37

Copies to:

Pro Se Party