**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JALIERE Z MCWHITE,

Plaintiff,

vs. Case No. 3:26-cv-1801-MMH-SJH

WESTLAKE FINANCIAL,

Defendant.
_________________________________/

**ORDER**

**THIS CAUSE** is before the Court sua sponte. Plaintiff, proceeding pro se, initiated this action on July 24, 2025, by filing "The Importance of An Education" (Doc. 1; Complaint), which the Court construed as a complaint. See Order (Doc. 6; August 6th Order), entered August 6, 2026. In the August 6th Order, the Court struck the Complaint as a shotgun pleading, explained some of the rules of pleading that apply in federal court, and identified problems with the Complaint as drafted. See generally August 6th Order. Specifically, the Court observed that the Plaintiff included conclusory and immaterial facts not connected to any particular cause of action, did not include a statement of jurisdiction, did not include a demand for relief sought, did not separate his

claims for relief into separate counts, and did not include an adequate signature block. See id. at 4–5, 9. The Court instructed Plaintiff to file a corrected complaint and cautioned Plaintiff that failure to file a corrected complaint consistent with the Court's directives could result in the dismissal of this action. See id. at 10–11.

On August 26, 2026, Plaintiff filed an Amended Complaint for Declaratory, Monetary, and Other Relief (Doc. 11; Amended Complaint). Upon review of the Amended Complaint, the Court found that it remained an impermissible shotgun pleading. See Order (Doc. 13; September 2nd Order), entered on September 2, 2026, at 2. The Court explained that, although Plaintiff labeled his causes of action as identifiable counts, he combined causes of action within the same count. See id. at 3. As such, the Court directed Plaintiff to carefully review the Court's orders and correct the deficiencies in the Amended Complaint on or before September 28, 2026. See id. at 4–6. In doing so, the Court warned that failure to comply with the Federal Rules of Civil Procedure (Rule(s)), the Local Rules, and this Court's orders would result in dismissal of this action without further notice. See id. at 5.

On September 28, 2026, Plaintiff filed Plaintiff's Motion for Hearing and Request for Further Proceedings (Doc. 14; Motion). In the Motion, Plaintiff wrote:

> The plaintiff is seeking a hearing date to be arranged from the judge. The plaintiff expresses that the complaints are in tune with his experience with the other party and shall not be dismissed. The plaintiff wishes that his complaint, along with any other docketed filings, be thoroughly connected to his outlook on the servicing of the defendant in relation to the 2022 dealership visit. Plaintiff chooses to stand his ground in regard to his complaint and motion as it is his first amendment right.

See Motion at 1. In doing so, Plaintiff declined to correct his pleading as directed by the Court and chose to rely on his previously filed complaints. He did so despite being ordered to file a corrected complaint and being warned that a failure to correct the problems that the Court pointed out would result in dismissal of Plaintiff's claims. Therefore, Plaintiff's claims are due to be dismissed.

Although pro se pleadings such as Plaintiff's are construed more liberally than those drafted by attorneys, the Eleventh Circuit regardless has "'little tolerance for shotgun pleadings.'" See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018).[1] Significantly, this Court has the "inherent authority to dismiss a complaint on shotgun-pleading grounds." Sarhan v. Miami Dade Coll., 800 F. App'x 769, 772 (11th Cir. 2020). Before doing so, "the district court must first explain how the pleading violates the shotgun-pleading rule and give the

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

plaintiff at least one opportunity to re-plead the complaint." See Arrington, 757 F. App'x at 797. Where the pleader fails to remedy the problem after being given a chance to do so, dismissal of a shotgun pleading with prejudice is warranted. See Tran v. City of Holmes Beach, 817 F. App'x 911, 915 (11th Cir. 2020). Here, the Court has provided Plaintiff two chances to remedy the pleading deficiencies in his complaints, but he has failed to do so. On this record, the Court is convinced that Plaintiff is unable or unwilling to comply with the Court's directives and that nothing less than dismissal will suffice. See Sarhan, 800 F. App'x at 772. "Even pro se plaintiffs must comply with pleading rules or face judgment day," Tran, 817 F. App'x at 915, and for Plaintiff, that day has come. Despite the Court's guidance on the problems with his complaints, and two opportunities to fix those deficiencies, the Plaintiff has not fixed the problems with his pleading and has chosen to disregard the Court's directive to do so. Nevertheless, in this instance the Court will dismiss the action without prejudice.

Accordingly, it is

**ORDERED**:

1. The claims set forth in Counts I–V of the Amended Complaint are **DISMISSED without prejudice**.

2. The Clerk of the Court is directed to enter judgment, terminate any deadlines or pending motions as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 9th day of October, 2026.

Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

lc37
Copies to:
Pro Se Party
Counsel of Record